UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AHSAN MASOOD,

Petitioner,

v.

WARDEN NORTHWEST IMMIGRATION AND CUSTOMS ENFORCEMENT PROCESSING CENTER, *et al.*,

Respondents.

Case No. C26-4140-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Ahsan Masood's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the Petition, a Return and declarations filed by the Government, Dkts. ##4-6, a Reply, Dkt. #7 and the remainder of the record.

The following facts are taken from the Petition and a declaration submitted by an Immigration and Customs Enforcement ("ICE") officer, Dkt. #5. Petitioner is a native of Pakistan who entered the United States near Lukeville, Arizona on January 9, 2024. He was immediately apprehended by Customs and Border Patrol ("CBP"), issued a Notice to Appear ("NTA") with an initial hearing date of July 1, 2024, and was detained for several days. *See* Dkt.

#1-1. On January 12, Petitioner was released on an Order of Release on Recognizance ("OREC"). *Id.* at Ex. 2. After his release, Petitioner applied for asylum, and his asylum petition remains pending with a master calendar hearing set for January 2027. Petitioner originally settled in Chicago, then moved to Ohio, where he obtained employment authorization and worked at a store and as an Uber and Lyft driver. Petitioner has no criminal history.

On October 5, 2026, Petitioner attempted to cross into Canada at the Pacific Highway Port of Entry in Blaine, Washington. After the Canadian Border Service Agency denied his asylum application and denied him entry, he was returned to CBP custody. Petitioner's subsequent warrant and Notice of Custody Determination indicate that he is detained under section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226. *See* Dkt. #6 at Exs. 2 and 3. "With no final order of removal or findings that would alt[e]r the processing of his file[,]" Petitioner "was placed into removal proceedings." Dkt. #6-1 at 2. CBP then transferred Petitioner to Northwest ICE Processing Center, where he remains in detention.

On October 27, 2026, Petitioner (represented by counsel) filed the instant Petition, challenging his detention as in violation of his constitutional due process rights under the three-factor test provided by *Mathews v. Elridge*, 424 U.S 319 (1976), in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and unlawful under § 1226 of the Immigration and Nationality Act ("INA"). Dkt. #1 at 7-10. Petitioner requests immediate release or, in alternative, a bond hearing. *Id.* at 10.

The Court may grant a habeas petition when any person is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Here, the parties disagree as to whether Petitioner is subject to mandatory or discretionary detention. The Government argues that Petitioner is mandatorily detained under § 1225(b)

because he was apprehended at the border in October 2026 and determined inadmissible. Dkt. #4 at 4. Petitioner contends that his prior entry into the United States and release on OREC negates this, as does the fact that the Government's subsequent warrant and notice of custody redetermination were both issued under § 1226. Dkt. #7 at 2.

Under § 1225(b), noncitizens are considered "applicants for admission" and subjects those who are "seeing admission" but "not clearly and beyond doubt entitled to be admitted" to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). This applies to noncitizens "entering the United States at the border," while § 1226 applies to noncitizens who are "inadmissible and deportable . . . present in the interior." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026).

To determine which statute applies, the Court considers "the government's treatment of the petitioner seeking habeas relief" as "[p]articularly relevant." *Del Valle Castillo v. Wamsley*, No. C25-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). "[W]here a petitioner has been treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225," § 1226 mostly likely applies. *Id.* (internal quotations omitted).

Here, per the Government's own documents and behavior, the Court finds that the Government considered Petitioner as in custody under § 1226(a), not § 1225(b). *See* Dkt. #6 at Exs. 2 and 3. Under § 1226(a), noncitizens may be released on bond or conditional parole during the pendency of removal proceedings, whereas those detained under § 1225 may only be released for "urgent humanitarian reasons or significant public benefit" under the agency's parole authority. *See* 8 U.S.C. §§1225(b), 1226(a), and 1182(d)(5)(A). Nothing in the record indicates that Petitioner was released on humanitarian parole when he first arrived in January 2024.

Rather, the NTA charged him as removable under section 212(a)(6)(A)(i) of the INA as a noncitizen "present in the United States who has not been admitted or paroled" and subsequently released on OREC. Dkts. #1 at Exs. 1 and 2; *see, e.g.*, *Dieng v. Mullin*, No. C26-01336-TLF, 2026 WL 1469601, at *3 (W.D. Wash. May 26, 2026).

The Government argues that "Petitioner's apprehension at the border in October and determination of inadmissibility subject him to mandatory detention under 8 U.S.C. § 1225(b)." Dkt. #4 at 4. Essentially, the Government contends that "any liberty interest based on a prior immigration release is not implicated because [Petitioner] is subject to detention based on new grounds." *Dieng*, 2026 WL 1469601, at *4 (internal quotations removed). But like the petitioner in *Dieng*, "the record here reflects that petitioner was detained not because he was categorized as an 'applicant for admission' subject to mandatory detention under § 1225[.]" *Id.* Here, no new NTA was issued, thus the operable NTA remains the original one from January 2024, charging Petitioner as a noncitizen "present in the United States who has not been admitted or paroled" and removable under 8 U.S.C. § 1181(a)(6)(A)(i). This is distinguishable from the cases relied upon by the Government, as each of those re-detained the petitioners under new grounds of inadmissibility. *See Mohan v. Noem*, C26-00534-TMC, 2026 WL 76416, at *3 (W.D. Wash. Mar. 18, 2026) (petitioner originally released on bond, then attempted re-entry after briefly crossing into Canada, and "was processed for a custody redetermination due to his possession of 5.2 grams of marijuana[,]" thus he was detained under § 1225(b) "based on new grounds of inadmissibility—independent of his ongoing immigration proceedings"); *Arif v. Mullin*, C26-01063-GJL, 2026 WL 1224088, at *3 (W.D. Wash. May 5, 2026) (petitioner's parole under the "Operation Allies Refuge" program expired prior to his attempted re-entry from Canada, thus he was issued a new NTA and detained under § 1225(b) because he was seeking admission and no

longer had a liberty interest based on his expired parole). Accordingly, the Court finds that Petitioner is subject to discretionary detention under § 1226, not mandatory detention under § 1225.

The Government argues that Petitioner's detention is consistent with due process. Dkt. #4 at 2. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews*, 424 U.S. at 332. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 540, 552 (1965)).

Under *Mathews*, the Court will apply a three-part test to determine whether an administrative procedure provides due process: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement will entail." *Id*. at 335; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies in "the immigration detention context"). By analyzing these factors, the Court is mirroring the application of this test used by other judges in this District. *See, e.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner's release almost three years ago established "a liberty interest which is entitled to the full protections of the due process clause." *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025). Petitioner was

released on OREC under § 1226 in January 2024, has a pending asylum application, and his removal order is pending before the BIA. This first *Mathews* factor weighs in Petitioner's favor.

The second Mathews factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest in the absence of a pre-detention hearing is high under the particular facts of this case. *See, e.g.*, *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1198-1201 (finding OREC revocation in violation of the APA where no contemporaneous explanation was provided, there was no final removal order, no other material change existed, and OREC was revoked by an official lack regulatory authority); *Dieng*, 2026 WL 1469601, at *6 (finding risk of erroneous deprivation when OREC was revoked for no clear reason); see also Dkt. #1-2 (OREC listing potential violations). This factor also weighs in Petitioner's favor.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing. The Government clearly has an interest in detaining removable non-citizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where Petitioner has lived and worked in the United States for years on OREC, following the rules and waiting for his hearing, and there was no material change in his particular factual circumstances prior to arrest, the Government fails this factor. The Court finds that the Government's interest here is low.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continued release from custody, and due process requires that Petitioner receive a hearing before an immigration judge before he can be re-detained.

Accordingly, having reviewed the instant Petition, relevant briefing, and remainder of the record, the Court hereby finds and ORDERS that Petitioner's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241, Dkt. #1, is GRANTED. The Court ORDERS that Petitioner shall be released from custody **no later than November 19, 2026**, under his most recent conditions of release. Petitioner shall not be re-detained without adequate notice and a meaningful opportunity to respond. The Court DIRECTS Respondents to file a status update with the Court **no later than November 23, 2026**. Any fee petition shall be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412, and shall be noted under Local Rule 7(d)(3).

DATED this 17th day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE